## CIRCUIT COURT OF THE CITY OF RICHMOND

Shante Crenshaw

    v.

Denisha Lashawn Kasey et al.

April 21, 1998

Case No. HI-825-4

BY JUDGE RANDALL G. JOHNSON

This is a declaratory judgment action to determine insurance coverage. After a trial on March 19, 1998, at which the parties' factual disputes were resolved by way of interrogatories to a jury, the court held that a policy issued to defendant Basic Rent-A-Car Company by defendant Liberty Mutual Insurance Company applied to plaintiff's claim for personal injuries against defendant Denisha Lashawn Kasey. At issue now is whether that policy must provide coverage to the plaintiff in the amount of $25,000 or $50,000.

The declarations page of the policy at issue sets the limit for liability coverage at $50,000. An endorsement to the policy provides as follows:

> For a covered **auto** principally located or principally used in, or **garaged operations** conducted in, Virginia, the policy is changed as follows … .
> Our limit of liability applies except that **we** will apply the limit shown in the declarations to first provide the separate limits required by Virginia law as follows:
> $25,000 for **bodily injury** to any one person caused by any one accident
> $50,000 for **bodily injury** to two or more persons caused by any one **accident,** and
> $20,000 for **property damage** caused by any one **accident.**
> This provision will not change our limit of liability.

Bold print in original.

The parties have stipulated that plaintiff's claim against Kasey is worth at least $50,000 and that plaintiff is the only person entitled to coverage under the liability portion of Liberty Mutual's policy. It is Liberty Mutual's position that the above-quoted endorsement limits its coverage for plaintiff's claim to $25,000. Virginia Mutual Insurance Company, which has excess coverage, asserts that Liberty Mutual must pay $50,000. Plaintiff, secure in the knowledge that one or both companies have total exposure of $50,000, takes no position. The court concludes that Liberty Mutual must pay $50,000.

Normally, the most any one person can receive in any one accident from an insurance policy providing liability coverage of "$25,000/$50,000," no matter how many people are entitled to receive benefits under the policy, is $25,000. In fact, Va. Code § 46.2-472 provides, in part:

> Every motor vehicle owner's policy shall:
> Insure the insured or other person against loss from any liability imposed by law for damages ... because of bodily injury to or death of any person ... subject to a limit exclusive of interest and costs, with respect to each motor vehicle, of $25,000 because of bodily injury to or death of one person in any one accident and, *subject to the limit for one person*, to a limit of $50,000 because of bodily injury to or death of two or more persons in any one accident ... .

Emphasis added.

Thus, even if only one person is injured in an accident, the most he or she can receive under a policy providing the literal statutory minimum "$25,000/$50,000" coverage is $25,000, since the $50,000 portion of the coverage is still "subject to the limit for one person." That limit does not come into play here.

As noted earlier, the only liability coverage limit set out in the declarations page of the policy at issue in this case is $50,000. While the endorsement quoted above does mention a $25,000 limit, that limit is not the same "subject to the limit for one person" limit found in Va. Code § 46.2-472. Instead, the endorsement states that "our limit of liability [which is the $50,000 limit set out in the declarations page] applies except that we will apply the limit shown in the declarations to *first* provide the separate limits required by Virginia law ... ." Emphasis added. In other words, if two or more persons are injured in one accident, no one person will be paid more than $25,000 *before* all other persons entitled to receive benefits under the policy are paid. Once that

happens, however, or when there is only one person entitled to benefits under the policy, whatever remains of the $50,000 limit is available for the person whose claim exceeds $25,000.

Liability insurance policies issued in the Commonwealth must contain certain minimum provisions and coverages required in various parts of the Code of Virginia. Insurers, however, are always free to provide more than the minimum. The unambiguous language used by Liberty Mutual here provides more than the minimum. Since no person other than plaintiff is entitled to receive benefits under the liability coverage of Liberty Mutual's policy as a result of the accident at issue in this case and since the $50,000 limit of Liberty Mutual's policy is not subject to the normal statutory limit of $25,000 for one person, plaintiff is entitled to receive the entire $50,000 limit herself.